IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNETTE M. PETRUSKA,
    Plaintiff

    v.           CIVIL ACTION NO. 04-80 ERIE

GANNON UNIVERSITY, et al.,
    Defendants

        STATUS CONFERENCE

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, November 29, 2006.

APPEARANCES:
    ANNDREA M. BENSON, Esquire, appearing on behalf
    of the Plaintiff.

    LYNETTE M. PETRUSKA, (via Phone), Plaintiff
    herein.

    EVAN C. RUDERT, Esquire, appearing on behalf of the Defendants.

    ARTHUR MARTINUCCI, Esquire, appearing on behalf of the Defendants.

Ronald J. Bench, RMR - Official Court Reporter

2

1    P R O C E E D I N G S

2

3    (Whereupon, the proceedings began at 1:34 p.m., on

4  Thursday, November 29, 2006, in Courtroom C.)

5

6    THE COURT: I guess the first order of business is

7  just to confirm my understanding that Mr. Pleban is tied up in

8  another court proceeding, is that right?

9    MS. PETRUSKA: Judge, he had an emergency, I believe

10  he left the office at about 10:30 and let your chambers know he

11  wasn't sure if he'd be back. He is not back yet.

12    THE COURT: Is he in court, do you believe?

13    MS. PETRUSKA: No, I do not believe he's in court.

14   It was another client matter that came up very unexpectedly,

15   which he left to take care of.  He told me that he wasn't sure

16   if he'd be back and knew AnnDrea was going to be there, also,

17   representing the plaintiff.

18           THE COURT:  My point is if you knew he was going to

19   be back shortly with some degree of assurance, I would wait for

20   him to come back, if he has a strong desire to participate.  I

21   guess you don't know, is that right?

22           MS. PETRUSKA:  We tried to reach him over the phone

23   to find out what the status of the situation is.  But I really

24   do not know.  I mean, he was comfortable proceeding with

25   counsel, AnnDrea Benson.

3

1           THE COURT:  We'll do that.  This is the time I've

2   set for a status conference in this case, to really just

3   discuss a number of matters to see where we are going.  Whether

4   it's time to give a discovery schedule and questions about

5   amending the complaint, things like that.  I guess the first

6   question to ask is this.  Has there been or is it your

7   intention to file a petition for certiorari on this case?

8           MS. BENSON: Yes, your Honor, there is.

9           THE COURT: Has it been filed or is it just still in

10  the works, so to speak?

11          MS. BENSON: It's in the works, so to speak.

12          THE COURT: One will be filed?

13          MS. BENSON: Correct.

14          THE COURT: That then raises the question as to

15  whether it makes a lot of sense to give you a discovery

16  schedule, get everybody working during the pendency of the

17  petition. What's your view on that over here on this side?

18          MR. RUDERT: Well, your Honor, our view is if the

19  order of the Third Circuit is either affirmed on petition to

20  the Supreme Court or the petition is denied, that leaves

21  pending in the courts two, possibly two claims. The contract

22  claim, and if the plaintiff intends to attempt to replead the

23  fraud claim. Both state law claims, which calls into question

24  this court's jurisdiction of what's left of the complaint if

25  and when it comes back or even now. I would assume that now --

4

1           THE COURT: I was thinking about this. And I don't

2   have a fixed opinion on it, but it seems to me, by virtue of

3   how the parties are set up here, I have independent diversity

4   jurisdiction with respect to the remaining state law claims,

5   don't I?

6           MR. RUDERT:  There is the possibility of diversity,

7   but the complaint, in our opinion, the damages don't exceed the

8   required amount for diversity jurisdiction.

9           THE COURT:  That's a whole separate issue.  The

10  point being that the parties are diverse?

11          MR. RUDERT:  Yes, the parties are diverse.  I don't

12  believe the amount in controversy exceeds the court's

13  jurisdiction.

14          THE COURT:  Well, in any event --

15          MR. RUDERT:  To get back to your initial question,

16  your Honor, I've thought about it, also.  I don't know that it

17  makes any sense to get a lot of wheels turning down here while

18  the case still boils up above.  Because, again, it can all be

19  done pretty quickly once it's either resolved in the Supreme

20  Court --

21          THE COURT:  The scope of the case will be once and

22  for all conclusively defined based upon what happens with the

23  petition for certiorari.  Either the petition will be accepted

24    and the decision will be either affirmed or reversed.  Either

25    way, it's going to give some finality.  Or the petition will be

                                5

1    denied, that will leave the status quo in place.

2            Ms. Benson, on behalf of the plaintiff, do you have

3    a position here as to whether the most appropriate thing to do

4    is to hold this case in somewhat of a holding pattern here at

5    my level until we get some further clarification?

6            MS. BENSON:  Well, because the cert would be due in

7    early January, we were prepared to file an amended complaint if

8    the judge so ordered by December 19th.  But given, as Mr.

9    Rudert says, we are prepared to just allow that process to take

10   place.

11           THE COURT:  Refresh my recollection timing wise,

12   once the petition is filed, how long do you have to respond?

13           MR. RUDERT:  Thirty days.

14           THE COURT:  Well, I guess we could anticipate, then,

15   that there might be -- we're not going out months and months

16   and months on a decision as to whether cert would be accepted

17   or denied, it would seem to me.  I think this.  I think the

18  most prudent thing to do, this is in the interest of time and

19  efficiency for everybody, is I'm not going to give you a

20  discovery schedule today.  And I'm not going to order the

21  filing of an amended complaint pursuant to the Third Circuit's

22  directive, until we get some definitive word from the court,

23  the Supreme Court, as to how they're going to or what they're

24  going to do on this.  At that point, depending upon what

25  happens, there will be plenty of time to jump start this thing.

6

1  So that takes care of that.  Are there any other issues of any

2  sort that anybody feels they need to bring to my attention?

3         MR. RUDERT:  None that I know of, your Honor.

4         MS. BENSON:  No, your Honor.

5         THE COURT:  Okay, that's all we can do today,

6  thank you, counsel.

7

8         (Whereupon, at 1:11 p.m., the proceedings were

9  concluded.)

10

11                  - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

1        C E R T I F I C A T E

2

3

4

5        I, Ronald J. Bench, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11  _____

12  Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25