UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DISTRICT COURT

| | | |
|---|---|---|
| LYNETTE M. PETRUSKA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Cause No. 1:04-cv-00080-SJM |
| | ) | |
| GANNON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Plaintiff, by and through counsel, pursuant to Fed.R.Civ.P. 15(a) and (c) and hereby requests leave to amend the Plaintiff's Complaint in the above-referenced cause of action and in support of this motion states as follows:

1. On or about March 11, 2004, Plaintiff filed her Complaint in the above-referenced case alleging gender-based employment discrimination in violation of Title VII (Count I); fraudulent misrepresentation (Count II), civil conspiracy (Count III), breach of contract (Count IV) and the negligent supervision and retention of Bishop Donald Trautman as Chair of the Gannon Board, as well as the negligent retention and supervision of President Antoine Garibaldi and part-time Vice President Rev. Nicholas Rouch, after they engaged in a course of conduct and pattern of practice designed to cover-up illegal gender discrimination to include sexual harassment (Count V).

2. On or about May 13, 2004, Plaintiff filed her First Amended Complaint prior to the Defendants filing a responsive pleading to clarify her claim or retaliatory discrimination for engaging in protected activity under Title VII.  Plaintiff's First Amended Complaint alleged

gender-based employment discrimination in violation of Title VII (Count I); retaliatory discrimination in violation of Title VII (Count II); fraudulent misrepresentation (Count III), civil conspiracy (Count IV), breach of contract (Count V) and negligent retention and supervision (Count VI).

3. The Defendants filed motions to dismiss the First Amended Complaint on the basis of the "ministerial exception" on or about June 22, 2004 and June 23, 2004.

4. In a Memorandum Opinion and Order dated December 27, 2004, the district court dismissed Plaintiff's First Amended Complaint with prejudice, concluding that it lacked subject matter jurisdiction over the Complaint under the First Amendment to the United States Constitution.

5. Thereafter, Plaintiff filed a timely appeal with the United States Court of Appeals for the Third Circuit, which in an Opinion dated May 24, 2006 reversed the district court's dismissal order as to all counts except the fraudulent misrepresentation claim, which the Court concluded had not been pled with sufficient specificity. This Opinion was vacated after the death of its author, Judge Edward R. Becker. Thereafter, the other judge constituting the majority recused himself and the case was assigned to a reconstituted panel of two new judges and the sole dissenter in the original opinion, Judge D. Brooks Smith. The reconstituted panel affirmed in part and reversed in part the dismissal of Plaintiff's First Amended Complaint in an Opinion dated September 6, 2006. More specifically, the Court of Appeals concluded that the district court had subject matter jurisdiction over Plaintiff's causes of action because a federal court has jurisdiction to hear causes of action arising under federal law, but that Gannon's First Amendment defense to Plaintiff's Title VII claims (Counts I and II) and state law claims of civil conspiracy and negligent retention and supervision (Counts IV and VI) prevented Plaintiff from

stating a claim for relief.

6.  Plaintiff filed a timely petition for certiorari with the United States Supreme Court, which denied certiorari on April 23, 2007.

7.  Plaintiff now seeks leave to file her Second Amended Complaint, which is attached hereto and incorporated by reference herein as Exhibit 1, consistent with the Opinion of the Third Circuit Court of Appeals dated September 6, 2006.

8.  Counts I, II, and III of the Second Amended Complaint address the First Amendment defense raised by the Defendants to the First Amended Complaint by pursuing the same claims of gender discrimination and conspiracy under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.,* which relates back to the original pleading under Fed.R.Civ.P. 15(c)(2). Specifically, the Third Circuit Court of Appeals concluded that claims of gender discrimination and retaliation were precluded because Gannon had raised the defense of the ministerial exception. With respect to Title IX claims, the United States Supreme Court has held that Congress "is free to attach reasonable and unambiguous conditions to federal financial assistance that educational institutions are not obligated to accept." Grove City College v. Bell, 465 U.S. 555, 575 (1984). Therefore, requiring Gannon to comply with Title IX's prohibitions against gender discrimination and retaliation infringes no First Amendment right. *Id.* at 575-76. Simply put, if the Defendants want to engage in illegal gender-based discrimination and retaliation as part of their ongoing cover-up of priest sexual misconduct, and use the First Amendment to protect their misconduct, they should be permitted to do so only if the United States Government is not helping to pay for misconduct or its cover-up specifically prohibited by Title IX. If Gannon wants to engage in gender discrimination and retaliation free from the requirements of federal law, it can simply avoid the requirements of Title IX but declining

3

federal educational assistance.  In light of Grove City College, Gannon clearly knew that its acceptance of federal financial assistance limited its ability to engage in prohibited gender-based discrimination except when such discrimination was required by the religious tenets of the organization, which is not the case here.

9. Count IV of the Second Amended Complaint pleads Plaintiff's fraud count with more specificity in light of the Court of Appeal's Opinion which allowed this claim to proceed despite the Defendants' claimed First Amendment defense but concluded that it lacked the specificity required by Fed.R.Civ.P. 9(b).

10. The Third Circuit has held that a claim of fraud is pled with sufficient specificity when the plaintiff pleads "the date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation" into the allegation of fraud.  Lum v. Bank of America, 361 F.3d 217, 22 (3rd Cir. 2004).  The plaintiff must also allege "who made a misrepresentation to whom and the general content of the misrepresentation."  Id.  Plaintiff has done so in the Second Amended Complaint.

11. Count V restates Plaintiff's breach of contract claim, which the Third Circuit Court of Appeals allowed to proceed, despite Defendants claimed defense.

12. Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  The Supreme Court has held that the Rule 15(a) mandate that leave to amend be "freely given" when justice so requires is to be heeded.  Forman v. Davis, 371 U.S. 178, 182 (1962).

WHEREFORE, Plaintiff prays that she be allowed to amend her Complaint as set forth herein and in her Second Amended Complaint which is attached hereto and incorporated by reference herein as Exhibit 1.  Plaintiff further prays that after she has had the opportunity to

engage in meaningful discovery, that she be granted leave by this Court to further amend her complaint and join additional parties consistent with that discovery as justice so requires (if deemed necessary), and for such other and further relief as the Court deems fair and appropriate under the circumstances.

                Respectfully submitted,

                Pleban & Associates, L.L.C.

                By    s/ C. John Pleban
                     C. John Pleban, MO24190
                     2010 South Big Bend Blvd.
                     St. Louis, MO 63117
                     Telephone: 314/645-6666
                     Facsimile: 314/645-7376
                     cpleban@plebanlaw.com

                By    s/ AnnDrea M. Benson w/ permission
                     AnnDrea M. Benson, PA82563
                     12270 Woodside Drive
                     Edinboro, PA 16412-5302
                     Telephone (814) 734-3428
                     Facsimile: (814) 734-3428 (same)
                     benson_mcfarlane@verison.net

                Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Frank L. Kroto, Jr., Arthur D. Martinucci, and Evan C. Rudert. A true and accurate copy of the foregoing Motion for Leave to Amend Complaint was also mailed, postage prepaid to Evan Rudert, 150 East Eighth Street, Erie, PA 16501-1269, attorney for defendants Gannon University, the Board of Trustees of Gannon University, all members of the Board of Trustees and Trautman, Garibaldi, Rubino and Rouch in their official capacities, and to Arthur D. Martinucci and Frank Kroto, Jr., 222 W. Grandview Blvd., Erie, PA 16506, attorneys for Trautman, Garibaldi, Rubino and Rouch in their individual capacities, this 25th day of June, 2007.

                                                  /s/ C. John Pleban