UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DISTRICT COURT

| | |
|---|---|
| LYNETTE M. PETRUSKA, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) Cause No. 1:04-cv-00080-SJM |
| GANNON UNIVERSITY, et al., | ) ) ) |
| Defendants | ) |

## BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO AMEND COMPLAINT

**INTRODUCTION**

On March 11, 2004, Plaintiff filed her Complaint in the above-referenced case. On or about May 13, 2004, Plaintiff filed her First Amended Complaint prior to the Defendants filing a responsive pleading to clarify her claim of retaliatory discrimination. Plaintiff's First Amended Complaint alleged gender-based employment discrimination in violation of Title VII (Count I); retaliatory discrimination in violation of Title VII (Count II); fraudulent misrepresentation (Count III), civil conspiracy (Count IV), breach of contract (Count V) and negligent retention and supervision (Count VI).

The Defendants filed motions to dismiss the First Amended Complaint on the basis of the "ministerial exception" on or about June 22, 2004 and June 23, 2004. In a Memorandum Opinion and Order dated December 27, 2004, the district court dismissed Plaintiff's First Amended Complaint with prejudice, concluding that it lacked subject matter jurisdiction over the Complaint under the First Amendment to the United States Constitution. Plaintiff filed a timely appeal with the United States Court of Appeals for the Third Circuit. In an Opinion dated May

24, 2006, the Court of Appeals initially reversed the district court's dismissal order as to all counts except the fraudulent misrepresentation claim, which the Court concluded had not been pled with sufficient specificity. This Opinion was vacated after the death of its author, Judge Edward R. Becker. Thereafter, the other judge constituting the majority recused himself and the case was assigned to a reconstituted panel of two new judges and the sole dissenter in the original opinion, Judge D. Brooks Smith. The reconstituted panel affirmed in part and reversed in part the dismissal of Plaintiff's First Amended Complaint in an Opinion dated September 6, 2006. The Court of Appeals concluded that the district court had subject matter jurisdiction over Plaintiff's causes of action because a federal court has jurisdiction to hear causes of action arising under federal law, but that Gannon's First Amendment defense to Plaintiff's Title VII claims (Counts I and II) and state law claims of civil conspiracy and negligent retention and supervision (Counts IV and VI) prevented Plaintiff from stating a claim for relief. Plaintiff filed a timely petition for certiorari with the United States Supreme Court, which denied certiorari on April 23, 2007.

## ANALYSIS

In her Motion for Leave to Amend Complaint, Plaintiff seeks leave to file her Second Amended Complaint. Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has held that the Rule 15(a) mandate that leave to amend be "freely given" when justice so requires is to be heeded. Lindquist v. Buckingham Township, 106 Fed.Appx. 768, 775 (3rd Cir. 2004), citing Forman v. Davis, 371 U.S. 178, 182 (1962). The liberal amendment philosophy of Rule 15(a) limits the district court's discretion to deny leave to amend. Adams v. Gould, Inc., 739 F.2d 858, 864 (3rd Cir. 1984). Leave to amend may be denied only if a plaintiff's delay in seeking an amendment is undue,

2

motivated by bad faith, prejudicial to the opposing party, or the amendment fails to state a cause of action. *Id.*

The passage of time alone doe not require the denial of a motion to amend a complaint. *Id.* at 868. Here there is no evidence that plaintiff's delay in seeking the amendment is undue or motivated by bad faith in that the delay at issue is the result of a partially successful appeal of the district court's decision to dismiss her cause of action with prejudice pursuant to the Defendants' motions to dismiss. Where a legal theory is rejected by the district court upon a defendant's motion but an alternative legal theory is alleged on the same facts, it would be unusual for a district court to deny leave to amend because of undue delay. *Id.* Similarly, Defendants cannot claim prejudice by this amendment as no discovery has been conducted in this case and a trial date has yet to be set.

Therefore, it would be an abuse of discretion for this court to deny Plaintiff leave to amend her complaint if she has stated claims upon which relief can be granted. The Third Circuit Court of Appeals held in <u>Petruska v. Gannon University</u>, 462 F.3d 294 (3rd Cir. 2006), that Plaintiff's breach of contract (Count V) and fraud (Count IV) claims are not barred by the Defendants' First Amendment defense. Plaintiff has amended her fraud claim to allege fraud with more specificity as required by the Opinion of the Third Circuit Court of Appeals. A claim of fraud is pled with sufficient specificity when the plaintiff pleads "the date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation" into the allegation of fraud. <u>Lum v. Bank of America</u>, 361 F.3d 217, 22 (3rd Cir. 2004). The plaintiff must also allege "who made a misrepresentation to whom and the general content of the misrepresentation." *Id.* Plaintiff has done so in her Second Amended Complaint, stating a claim for relief with sufficient specificity under Fed.R.Civ.P. 9(b).

Plaintiff pursues the same factual claims of gender discrimination, retaliation, and conspiracy in Counts I through III of her Second Amended Complaint under a different legal theory, Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, which relates back to Plaintiff's original pleading under Fed.R.Civ.P. 15(c)(2). Defendants' First Amendment defense of the purported "ministerial exception" is not available to them under Title IX. The United States Supreme Court has held that Congress "is free to attach reasonable and unambiguous conditions to federal financial assistance that educational institutions are not obligated to accept." Grove City College v. Bell, 465 U.S. 555, 575 (1984). Therefore, requiring Gannon to comply with Title IX's prohibitions against gender discrimination and retaliation infringes no First Amendment right. *Id.* at 575-76. Simply put, if the Defendants want to engage in illegal gender-based discrimination and retaliation as part of their ongoing cover-up of priest sexual misconduct and use the First Amendment to protect their misconduct, they may do so, but the federal government should not be required to subsidize conduct that Congress prohibits. If Gannon wants to engage in gender discrimination and retaliation free from the requirements of Title IX, it can simply avoid those requirements by declining federal educational assistance. Because it accepts Title IX funding, Title IX applies to it unless Gannon can show that the application of Title IX's prohibitions to it would be inconsistent with its religious tenets. In light of Grove City College, Gannon clearly knew that its acceptance of federal financial assistance limited its ability to engage in prohibited gender-based discrimination, except when such discrimination was required by its religious tenets, which is not the case here.

In this case, Gannon cannot claim that the application of Title IX to it would be inconsistent with its religious tenets. Obviously, gender was not a requirement of the Chaplain's

4

position because Plaintiff was a woman when the position was offered to her. After appointing a female to the position and then engaging in gender discrimination, Gannon cannot claim that its religious tenets required a man to hold the position at issue or that the application of Title IX in this case would be inconsistent with its religious tenets. This would place Gannon above the law with no justifiable religious reason for doing so, requiring taxpayers to subsidize illegal discrimination. Similarly, Gannon cannot credibly claim that retaliating against Plaintiff because she opposed priest sexual misconduct and other gender discrimination on campus was required by the religious tenets of the organization. In the Roman Catholic Church priests are supposed to be celibate, and therefore, would be prohibited from having sex with their students and subordinates, and would also be prohibited from sexually harassing "the flock they shepherd." Courts have uniformly refused to protect priest sexual misconduct because it is inconsistent with the Roman Catholic Church's religious tenets. Therefore, Gannon can identify no religious tenet that would protect its retaliation against Plaintiff for opposing prohibited sexual misconduct. The religious exemption allowed by Congress in Title IX is much narrower than the "ministerial exception" carved out by the courts in Title VII. Title IX's application is limited only when it would be inconsistent with the religious tenets of the organization.

The United States Supreme Court had held that the prohibition against gender discrimination contained in Title IX prohibits employment discrimination at federally funded educational institutions. North Haven Board of Educ. v. Bell, 456 U.S. 512 (1982). Since Bell was decided, Congress has made it clear that a "program or activity" within the scope of Title IX includes all of the operations of a college or university except to a religious organization if the application of Title IX to it would be inconsistent with the religious tenets of the organization. See 20 U.S.C. § 1687. For the reasons set forth above, the application of Title IX in this case is

5

not inconsistent with the religious tenets of the organization. The United States Supreme Court has also held that Title IX creates a private right of action when an educational institution discriminates against an employee because she complained of sex discrimination. <u>Jackson v. Birmingham Board of Educ.</u>, 544 U.S. 167 (2004). Plaintiff alleges in her complaint that she opposed numerous acts of sex discrimination on Gannon's campus, stating a claim for relief under Title IX.

**CONCLUSION**

For the reasons set forth herein and in Plaintiff's Motion for Leave to Amend Complaint, Plaintiff should be granted leave to amend her complaint as set forth in her Second Amended Complaint.

    Respectfully submitted,

    Pleban & Associates, L.L.C.

    By    s/ C. John Pleban
    C. John Pleban, MO24190
    2010 South Big Bend Blvd.
    St. Louis, MO 63117
    Telephone: 314/645-6666
    Facsimile: 314/645-7376
    cpleban@plebanlaw.com

    By    s/ AnnDrea M. Benson w/ permission
    AnnDrea M. Benson, PA82563
    12270 Woodside Drive
    Edinboro, PA 16412-5302
    Telephone (814) 734-3428
    Facsimile: (814) 734-3428 (same)
    benson_mcfarlane@verizon.net

    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Frank L. Kroto, Jr., Arthur D. Martinucci, and Evan C. Rudert.  A true and accurate copy of the foregoing Brief in Support of Motion for Leave to Amend Complaint was also mailed, postage prepaid to Evan Rudert, 150 East Eighth Street, Erie, PA 16501-1269, attorney for defendants Gannon University, the Board of Trustees of Gannon University, all members of the Board of Trustees and Trautman, Garibaldi, Rubino and Rouch in their official capacities, and to Arthur D. Martinucci and Frank Kroto, Jr., 222 W. Grandview Blvd., Erie, PA 16506, attorneys for Trautman, Garibaldi, Rubino and Rouch in their individual capacities, this 25th day of June, 2007.

                                               /s/ C. John Pleban