UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DISTRICT COURT

| | | |
|---|---|---|
| LYNETTE M. PETRUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:04-cv-00080-SJM |
| | ) | |
| GANNON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISQUALIFY COURT

COMES NOW Plaintiff, by and through counsel, pursuant to 28 U.S.C. 455(a) and moves this Court to disqualify itself from this cause of action, and in support of this motion, Plaintiff states as follows:

1.      On or about March 11, 2004, Plaintiff filed her Complaint in the above-referenced case alleging gender-based employment discrimination in violation of Title VII (Count I); fraudulent misrepresentation (Count II), civil conspiracy (Count III), breach of contract (Count IV) and the negligent supervision and retention of the Chair of the Gannon Board of Trustees and other high ranking University officials (Count V).

2.      On or about May 13, 2004, Plaintiff filed her First Amended Complaint prior to the Defendants filing a responsive pleading to clarify her claim of retaliatory discrimination against the Defendants after Plaintiff engaged in protected activity under Title VII.  Plaintiff's First Amended Complaint alleged gender-based employment discrimination in violation of Title VII (Count I); retaliatory discrimination in violation of Title VII (Count II); fraudulent misrepresentation (Count III), civil conspiracy (Count IV), breach of contract (Count V) and

negligent retention and supervision (Count VI).

3.      Both Plaintiff's original and first amended complaints names Bishop Donald W. Trautman, Msgr. David Rubino, Fr. Nicholas Rouch, and thirty-eight members of the Gannon University Board of Trustees as Defendants in this cause of action.

4.      Upon information and belief, the district court judge is Roman Catholic and was educated by the Sisters of St. Joseph, members of which community are Defendants in this cause of action.  As a result of the district court judge's religious affiliation, the court must sit in judgment of Bishop Trautman, who is the leader of the denomination with which the district court judge is affiliated.  It is unknown whether the district court judge has a social relationship with one or more of the named defendants in this cause of action.  Plaintiff should be permitted to voir dire the district court judge as to his social relationships with the Defendants in the instant cause of action as part of this motion, particularly in light of the small size of Erie, Pennsylvania, with a population of approximately 100,000 residents.

5.      The Defendants filed motions to dismiss the First Amended Complaint on the basis of the "ministerial exception" on or about June 22, 2004 and June 23, 2004.

6.      Oral argument was had on the Defendants' motions to dismiss on or about September 10, 2004.

7.      In a Memorandum Opinion and Order dated December 27, 2004, the first business day after the Christmas holiday, the district court dismissed Plaintiff's First Amended Complaint with prejudice, concluding that it lacked subject matter jurisdiction over the Complaint under the First Amendment to the United States Constitution.  The timing of the release of this decision favored Gannon because it would receive little attention during the Christmas holiday.

8.      Thereafter, Plaintiff filed a timely appeal with the United States Court of Appeals

for the Third Circuit, which in an Opinion dated May 24, 2006 reversed the district court's

dismissal order as to all counts except the fraudulent misrepresentation claim, which the Court

concluded had not been pled with sufficient specificity.  This Opinion was vacated after the

death of its author, Judge Edward R. Becker.  Thereafter, the other judge constituting the

majority recused himself and the case was assigned to a reconstituted panel of two new judges

and the sole dissenter in the original opinion, Judge D. Brooks Smith.  The reconstituted panel

affirmed in part and reversed in part the dismissal of Plaintiff's First Amended Complaint in an

Opinion dated September 6, 2006.  More specifically, the Court of Appeals concluded that the

district court had subject matter jurisdiction over Plaintiff's causes of action because a federal

court has jurisdiction to hear causes of action arising under federal law, but that Gannon's First

Amendment defense to Plaintiff's Title VII claims (Counts I and II) and state law claims of civil

conspiracy and negligent retention and supervision (Counts IV and VI) prevented Plaintiff from

stating a claim for relief.

9.    On or about June 25, 2007, Plaintiff filed her Motion for Leave to Amend

Complaint.

10.    In an order dated August 14, 2007, the district court set oral argument on the

Motion for Leave to Amend Complaint for October 15, 2007 at 1:30 p.m.

11.    On September 11, 2007, Plaintiff filed her motion requesting that St. Louis

counsel, C. John Pleban, be permitted to participate in the oral argument by telephone, as it

would take two (2) days to travel to and from Erie, Pennsylvania to participate in arguments that

were likely to last only one (1) hour.  Additionally, St. Louis counsel was scheduled to begin a

jury trial on October 17, 2007 and needed to prepare for said trial.

12.    In an order dated September 11, 2007, the district court denied St. Louis counsel's

request to participate in the oral argument by telephone but rescheduled the oral argument to October 23, 2007 at 1:30 p.m.

13.     Thereafter, Plaintiff and her counsel purchased airline tickets so that they could be present for and counsel could participate in the oral argument of Plaintiff's Motion for Leave to Amend Complaint.  Copies of Plaintiff and her counsel's tickets are attached hereto and incorporated by reference herein as Exhibit 1.

14.     In an order dated October 4, 2007, the district court, without explanation, canceled oral argument on the Motion for Leave to Amend Complaint, stating that such arguments would not be rescheduled.  At the time oral argument was canceled, it was reasonably foreseeable that Plaintiff had incurred the expense of travel to Erie, Pennsylvania for her St. Louis counsel to participate in the October 23, 2007 oral argument, particularly when the court had already denied counsel's request to participate in this argument by telephone.

15.     28 U.S.C § 455(a) provides that any judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  While disqualification under § 455(a) may be waived by the parties, such waiver can only be made after full disclosure.

16.     Recusal is proper when the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.  Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. ).  The 3rd Circuit test is similar:  recusal is required when a reasonable person would harbor doubts about the judge's impartiality.  Moody v. Simmons, 858 F.2d 137, 142 (3rd Cir. 1988)  The statute is designed to eliminate not only actual but the appearance of impropriety on the federal bench.  United States v. Harrigan, 80 Fed.Appx. 738, 742 (3rd Cir. 2003).

17.     An undisclosed social relationship or friendship with parties to an action may warrant the court's recusal.  <u>Moran</u>, 296 F.3d at 648.

18.     In the present case, the district court is sitting in judgment over the leader of the religious denomination of which he is affiliated, Bishop Trautman, as well as sitting in judgment over members of the religious community that educated him.  If the court is also sitting in judgment over defendants, who are friends and/or those with whom the court has a social relationship, particularly in a small city like Erie, this would be a case in which the impartiality of the district court might reasonably be questioned, requiring the disqualification of the court.

19.     At a minimum, Plaintiff should be permitted to voir dire the court on these issues before this case proceeds further.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that the court recuse itself from the above-referenced action as set forth in the Proposed Order attached hereto and incorporated herein as Exhibit 2.

Respectfully submitted,

Pleban & Associates, L.L.C.


By _____s/ C. John Pleban_____
        C. John Pleban, MO24190
        2010 South Big Bend Blvd.
        St. Louis, MO  63117
        Telephone:  314/645-6666
        Facsimile:  314/645-7376
        cpleban@plebanlaw.com

By _____s/ AnnDrea M. Benson w/ permission
AnnDrea M. Benson, PA82563
12270 Woodside Drive
Edinboro, PA 16412-5302
Telephone (814) 734-3428
Facsimile: (814) 734-3428 (same)
benson_mcfarlane@verison.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Frank L. Kroto, Jr., Arthur D. Martinucci, and Evan C. Rudert this 11th day of October, 2007.

/s/ C. John Pleban