**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LYNETTE M. PETRUSKA, | ) |
| Plaintiff, | ) 1:04-cv-80-SJM |
| v. | ) |
| GANNON UNIVERSITY, et al., | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Presently pending before me in the above-captioned matter is a motion by Plaintiff, Lynette M. Petruska, seeking my disqualification as presiding judge in the case. The named Defendants are Gannon University, Bishop Donald W. Trautman, Bishop of the Roman Catholic Diocese of Erie and Chairman of the Gannon Board of Trustees, Antoine Garibaldi, President of Gannon University, Msgr. David Rubino, former President of Gannon University, and Rev. Nicholas Rouch, part-time Vice President for Mission and Ministry at Gannon. In addition, the Plaintiff has sued in their official capacities numerous members of Gannon's Board of Trustees. Gannon University is a private Roman Catholic university.

The Plaintiff's claims as set forth in her First Amended Complaint asserted causes of action for gender-based employment discrimination under Title VII, fraudulent misrepresentation, civil conspiracy, breach of contract, and negligent supervision and/or retention of university officials or board members. Pursuant to a ruling entered by me on December 27, 2004, and subsequently affirmed in part on appeal,[1] only Plaintiff's claims for fraudulent misrepresentation and breach of contract presently remain in the

---

[1] See *Petruska v. Gannon University*, 350 F. Supp. 2d 666 (W.D. Pa. 2004), *aff'd in part and remanded in part,* 462 F.3d 294 (3d Cir. 2006), *cert. denied*, 127 S. Ct. 2098 (U.S. Apr. 23, 2007) (No. 06-985).

case.[2]  The other claims were dismissed pursuant to the so-called "ministerial exception" – a doctrine arising from the Free Exercise Clause of the First Amendment.

Plaintiff asserts that recusal herein is appropriate under 28 U.S.C. § 455(a) on the theory that my impartiality in the instant matter might reasonably be questioned.  In support of this assertion, Plaintiff states:

> Upon information and belief, the district court judge is Roman Catholic and was educated by the Sisters of St. Joseph, members of which community are Defendants in this cause of action.  As a result of the district court judge's religious affiliation, the court must sit in judgment of Bishop Trautman, who is the leader of the denomination with which the district court judge is affiliated.  It is unknown whether the district court judge has a social relationship with one or more of the named defendants in this cause of action.  Plaintiff should be permitted to voir dire the district court judge as to his social relationships with the Defendants in the instant cause of action as part of this motion, particularly in light of the small size of Erie, Pennsylvania, with a population of approximately 100,000 residents.

(Mot. to Disqualify Judge by Lynette M. Petruska [83] at p. 2, ¶ 4.)

Pursuant to §455(a), a presiding federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. §455(a).  The test for recusal is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004).  In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."  *U.S. v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995).  *Accord Clemens v. United States District Court for the Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005); *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

Plaintiff's first basis for disqualification is my religious affiliation with the Roman Catholic Church and educational background.  I find that this is not sufficient cause to

---

[2] Plaintiff has filed a motion seeking to assert various additional claims, but this matter has not yet been ruled on.

warrant disqualification under §455(a).  Significantly, in a case similar to the case at bar in which the district court had dismissed the plaintiff's sexual harassment action against her Episcopal church on the basis of the "church autonomy doctrine," the Tenth Circuit Court of Appeals held that the district court judge did not abuse his discretion in declining to recuse from the case where plaintiffs had argued for disqualification based on the judge's membership in the Episcopal Church.  *See Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659-60 (10th Cir. 2002).  In *Bryce*, the Tenth Circuit noted that "courts have consistently held that membership in a church does not create sufficient appearance of bias to require recusal."  *Id*. at 660 (citing cases).  In fact, many courts have held that a judge's religious affiliation is not sufficient to warrant recusal under § 455(a).  *See In re McCarthey*, 368 F.3d 1266, 1270 (10th Cir. 2004) (in litigation involving a dispute over the ownership and control of the largest Utah newspaper where one of the parties was a publishing company owned by the Church of Jesus Christ of Latter-Day Saints, the fact that the presiding judge belonged to and contributed to the Mormon Church "would never be enough to disqualify him" from presiding over the litigation); *Menora v. Ill. High Sch. Ass'n*, 527 F.Supp. 632, 634-36 (N.D.Ill.1981) (judge declined to recuse on the basis of his Jewish faith, rejecting the implicit assumption that members of a religious organization necessarily agree with the positions of the organization's governing body); *State of Idaho v. Freeman*, 507 F. Supp. 709, 729 (D. Idaho 1981) (judge's background associations, which would include his religious affiliations, should not be considered as grounds for disqualification; thus, judge did not need to recuse where he had been a leader in a church that had taken a public position on the matter before the court) (citation omitted).  *Accord Feminist Women's Health Center v. Codispoti,* 69 F.3d 399 (9th Cir. 1995) (Noonan, Circuit Judge on recusal motion) (appellate judge's status as a Roman Catholic did not disqualify him from hearing case involving abortion clinic; such disqualification would conflict with the constitutional prohibition against the use of any religious test as a qualification for public office).

Plaintiff posits that "[i]f the court is ... sitting in judgment over defendants, who are friends and/or those with whom the court has a social relationship, particularly in a small city like Erie, this would be a case in which the impartiality of the district court might reasonably be questioned, requiring the disqualification of the court." (Mot. to Disqualify at p. 5, ¶ 18.)  She asserts that she "should be permitted to voir dire the district court judge as to his social relationships with the Defendants in the instant cause of action as part of this motion" before the case proceeds further.  (Motion to Disqualify at p. 2, ¶ 4.)  Plaintiff cites no precedent or authority for such a procedure and, in fact, there are sound policies counseling against it.  As one court has noted:

> Embroiling the presiding judge in the adversarial processes of any case is not only unseemly, it is calculated to give rise at the least to a resulting appearance of bias against the aggressor litigant although, as previously noted, that species of boot strap bias cannot be recognized, as a matter of law, as a disqualifying circumstance. To do so would simply invite manipulated harassment by any lawyer unscrupulous enough to willingly embark on a course of conduct designed to disqualify an otherwise impartial judge whose views are thought to be adverse to the interests of the client. Such a tactic would, at worst, cause an unjustified voluntary disqualification of the presiding judge or, at least, cause endless delay in the litigation while those maneuvers are in process.

*Cheeves v. Southern Clays, Inc.*, 797 F. Supp. 1570, 1582-83 (M.D. Ga. 1992) (holding that compulsory discovery process addressed to the presiding judge in aid of a motion to disqualify that judge pursuant to 28 U.S.C. §§ 144 and 455(a) is not available to a litigant upon initial presentation of the motion or the request for such discovery in the district court).  *Accord In re McCarthey*, 368 F.3d at 1270 ("Section 455 does not provide for discovery, and no case we have reviewed has endorsed such a procedure.").

The Court does not maintain a close personal or social relationship with any Defendant in this case such that its impartiality might reasonably be questioned.  I am not personally acquainted with Msgr. David Rubino, Antoine Garibaldi, or the Rev. Nicholas Rouch.  Nor have I had any personal contact with Bishop Trautman, with the exception of exchanging greetings when we crossed paths in an airport approximately

twelve years ago.

I am not personally acquainted with the overwhelming majority of the Board Defendants. As to the remainder, my acquaintanceship is casual and my contact over the years has been infrequent and has primarily arisen in connection with my judicial duties or at events such as bar association functions, charitable/fundraising events, athletic events, funerals, dedication ceremonies, and the like. With the exception of Judge Domitrovich, who periodically participates in Naturalization Ceremonies at the federal courthouse, and perhaps a few others whom I have encountered by chance on the street or at some other public place, I have had (to the best of my recollection) no contact in years with any of the other Defendants with whom I am casually acquainted.

Such casual and infrequent contact is not sufficient to warrant recusal under § 455(a). *See, e.g., In re Cooke*, 160 B.R. 701, 706 (Bankr. D. Conn. 1993) ("[A] judge's mere acquaintance with a party or witness is not sufficient to call into question that judge's impartiality.") (citing cases). Indeed,

> [a] judge is neither required nor encouraged to forego social interaction and involvement upon assuming his or her office. As noted in the commentary to Canon 5A of the Code of Conduct for United States Judges: "Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the society in which the judge lives."

*Id*. *See also Sexson v. Servaas*, 830 F. Supp. 475, 482 (S.D. Ind. 1993) ("Merely knowing other persons ... [including party and potential witnesses], and being associated with them can take place in many ways, and that alone creates neither an impropriety nor an appearance of partiality. Indeed, aside from relegating judges to an existence akin to that of a monk, they are unavoidable.") (footnote omitted).

Plaintiff's remaining stated grounds for disqualification involve matters intrinsic to these judicial proceedings, including the timing of my December 27, 2004 ruling relative to a motion to dismiss the pleadings and my recent decision first to reschedule, and then cancel, oral argument on a pending motion to amend the First Amended Complaint. These matters do not state an adequate basis for recusal under §455(a),

because they concern aspects of the judicial proceeding at hand. Generally, "beliefs or opinions which merit recusal must involve an extrajudicial factor." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted). Absent the existence of such an extrajudicial factor, the record must evince a "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible." *Liteky v. United states*, 510 U.S. 540, 555 (1994). No such finding could be made on this record.

A motion to disqualify a federal district judge is committed to the sound discretion of the district judge. *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (citation omitted). Here, there is no basis for disqualification based upon my religious affiliation, my educational background, or my limited professional and/or social contacts with any of the named Defendants in this case. Moreover, the record could not support a finding of an extrajudicial factor causing impartiality or such a high degree of favoritism or antagonism on my part as to make fair judgment in future proceedings impossible. Finally, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (Per Mr. Justice Rehnquist, on motion to recuse). *See also Clemens*, 428 F.3d at 1179; *Sensley*, 385 F.3d at 598-99; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

AND, now, *to wit*, this 19th day of October, 2007, based upon all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion [83] to Disqualify the undersigned from presiding over the above-captioned case is DENIED.

    s/    Sean J. McLaughlin
           SEAN J. McLAUGHLIN
           United States District Judge

cm:   All counsel of record.