**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LYNETTE M. PETRUSKA,          )
                             )          Judge Sean A. McLaughlin
          Plaintiff          )
                             )
     v.                      )          Case No. 1:04-cv-00080-SJM
                             )
GANNON UNIVERSITY, et al.,   )
                             )
          Defendants         )

**DEFENDANT GANNON UNIVERSITY'S BRIEF IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO RULE 12(c)**

The Plaintiff's two remaining claims in her Second Amended Complaint are: one for

fraudulent misrepresentation, asserted against Gannon University (Gannon), its former President,

Monsignor David Rubino (Msgr. Rubino), and its Board of Trustees Chairperson, Bishop Donald

W. Trautman (Bishop Trautman) (Count IV) and one for breach of contract, asserted against

Gannon and its President, Antoine Garibaldi (Dr. Garibaldi) (Count V).  Plaintiff has alleged

liability on the part of Bishop Trautman, Msgr. Rubino and Dr. Garibaldi individually, as well as in

their official capacities.[1]  The Plaintiff's fraudulent misrepresentation claim is deficient as a matter

of law and should be dismissed in its entirety on a number of grounds.  The Plaintiff's claim in

Count V (breach of contract) for damages for loss of reputation, emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress is also deficient as

---

[1]  These Defendants, in their individual capacities, are represented by Attorneys Arthur
Martinucci (all three) and Leon DeJulius (Bishop Trautman and Msgr. Rubino).  The individual
Defendants have also filed a Motion for Judgment on the Pleadings, along with a Brief in Support.

a matter of law and should be dismissed.  Lastly, Plaintiff's claims for attorneys' fees (in both

Counts IV and V) must be dismissed because she has alleged no legal basis for such an award.

## STANDARD OF REVIEW

Gannon incorporates by reference herein the Standard of Review portion of the Brief in

Support of Defendants Bishop Donald W. Trautman's, Monsignor David Rubino's and Dr.

Antoine Garibaldi's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (the

"Individual Defendants' Brief").

## ARGUMENT

**I.     Plaintiff's fraudulent misrepresentation claim must be dismissed because it is
barred by the applicable statute of limitations and/or the "gist of the action" doctrine, and
Plaintiff has failed to allege any detrimental reliance or direct and pecuniary loss resulting
from the alleged fraud.**

Gannon incorporates by reference herein Sections A, B and C of the Argument portion of

the Individual Defendants' Brief.

**II.    Plaintiff's claim in her breach of contract claim for loss of reputation,
emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,
humiliation and stress must be dismissed for failing to state a claim.**

**A. Failure to state a corollary claim for emotional damages.**

Count V of Plaintiff's Second Amended Complaint asserts a breach of contract claim

against Gannon and Dr. Garibaldi.  In addition to contractual damages, Plaintiff claims to have

suffered harm of an emotional nature as a result of the alleged breach of contract.[2]  As a predicate

to her right to recover damages for emotional damages in a breach of contract action, Plaintiff

---

[2]  Paragraph 117 of the Second Amended Complaint.  Further, in the *ad damnum* clause
following Count V of Plaintiff's Second Amended Complaint, Plaintiff requests damages for "loss
of reputation, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of
life, humiliation and stress."

claims, in a conclusory and unsupported allegation, that the breach of contract was "wanton and/or reckless under circumstances where the contract was to render a performance of such a character...that its breach would cause mental suffering and did, in fact, cause such suffering, resulting in bodily harm."  Second Amended Complaint, ¶ 118.

Plaintiff's breach of contract claim and her corollary request for emotional distress damages is governed by the substantive law of Pennsylvania.  Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d. Cir. 1988).  Under Pennsylvania law, damages of an emotional nature are not recoverable in a breach of contract claim except under two limited circumstances: (1)  where there is a wanton or reckless breach of a contract, the nature of which is to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering, and (2)  where the breach was wanton or reckless and caused bodily harm as well as emotional distress.  Rodgers v. Nationwide Mut. Ins. Co., 496 A.2d 811, 814-15 (Pa. Super. 1985); Malia v. RCA Corp., 690 F. Supp. 334, 338 (M.D. Pa. 1988); Pociask v. KDI Sylvan Pools, Inc., No. 89-3447, 1989 U.S. Dist. Lexis 13575, *4 (E.D. Pa. 1989).

Common examples of contracts falling within the first exception include contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death.  Rodgers, 496 A.2d at 815 (citing to Restatement (Second) of Contracts, §353, Comment "a").  A breach of other types of contracts that might result, for example, in sudden impoverishment or bankruptcy, may by chance cause severe emotional disturbance, but, if the contract is not one where this was a

particularly likely risk, there is no recovery for such disturbance.  Id.  Plaintiff's employment

contract is none of these, it is a simple employment contract.

Under the second exception, emotional damages may be recovered in the context of a

breach of contract claim where the emotional distress accompanies bodily injury and takes the

form of an action in tort, i.e., a direct claim for infliction of emotional distress.  See Rittenhouse v.

Passen, 482 A.2d 1042, 1043 (Pa. Super 1984).  Under this exception, a court must analyze the

claim as if a plaintiff made a separate tort claim distinct from the claim for breach of contract.

Pennsylvania recognizes two tort causes of action for recovery of emotional distress damages -

negligent infliction of emotional distress and intentional infliction of emotional distress.[3]

A cause of action for negligent infliction of emotional distress permits a plaintiff who

suffers severe emotional injury caused by the negligence of another to recover damages only in

the following circumstances: (1) where the emotional injury is accompanied by physical impact;

(2) where the plaintiff was in personal danger of physical impact because of the direction of a

negligent force against him and where the plaintiff actually did fear the physical impact; or (3)

where the mental injury is a foreseeable result of physical impact and injury to another.  Krochalis

v. Insurance Co. of North America, 629 F. Supp. 1360, 1372 (E.D. Pa. 1985).  A plaintiff must

allege some form of physical impact or bodily harm to maintain a claim for negligent infliction of

emotional distress, and the bodily injury alleged must be distinct from the claim of emotional

distress.  See Pociask, 1989 U.S. Dist. LEXIS 13575 at *5; see also Simmons v. Pacor, Inc., 674

---

[3]  Plaintiff has not asserted a separate cause of action for negligent or intentional infliction
of emotional distress, rather she has merely included a demand for damages for emotional distress
as part of her claim that Gannon University and Dr. Garibaldi breached her employment contract.

A.2d 232, 238 (Pa. 1996). See also Kutner v. Eastern Airlines, Inc., 514 F.Supp. 553, 559 (E.D. Pa. 1981) (noting that in order to recover for emotional damages under a breach of contract claim, plaintiffs must allege physical injury or physical impact). Inasmuch as Plaintiff has not alleged her emotional harm is the result of any physical impact, she cannot recover such damages under a theory consistent with a claim for negligent infliction of emotional distress.

To sustain a claim for intentional infliction of emotional distress in the context of an employment contract, a plaintiff must show that the employer's conduct was of an "extreme or outrageous type." Cox, 861 F.2d at 395 (quoting Rinehimer v. Luzerne County Community College, 539 A.2d 1298, 1305 (Pa. Super. 1988)). Preliminarily, it is for the court to determine if the defendant employer's conduct is so extreme or outrageous as to permit recovery for intentional infliction of emotional distress. Cox, 861 F.2d at 395. Pennsylvania courts have been reluctant to allow such recovery and have limited recovery to such situations where the conduct is "clearly" outrageous. Id. A plaintiff must plead conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Pociask, 1989 U.S. Dist. LEXIS 13575 at *4-6. It is not enough that the defendants acted with an intent which is tortious or even criminal, that they intended to inflict emotional distress, or that their conduct can be characterized as with "malice" or a degree of aggravation which would entitle a plaintiff to punitive damages for another tort. Malia, 690 F. Supp. at 334. The case must be one in which the recitation of the facts to an average member of the community would arouse resentment against the actor, and lead one to state, "outrageous". Malia, 690 F.Supp. at 336.

It is "extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Cox , 861 F.2d at 395. "[W]hile loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event" and cannot provide a basis for recovery for intentional infliction of emotional distress. Id. (quoting Brieck v. Harbison-Walker Refractories, 624 F. Supp. 363, 367 (W.D. Pa. 1985), aff'd. in relevant part, 822 F.2d 52 (3d Cir. 1987)). Federal courts applying Pennsylvania law have failed to find conduct outrageous in numerous employment situations, including where an employer deceived an employee into foregoing other employment, Cautilli v. GAF Corp., 531 F. Supp. 71, 74 (E.D. Pa. 1982), where the employer engaged in a premeditated plan to force an employee to resign by making employment conditions more difficult, Madreperla v. Williard Co., 606 F. Supp. 874, 880 (E.D. Pa. 1985), where an employee alleged that, while he was an officer and member of the Union, his employer induced him to enter into an agreement to leave his Union position and take a management position the employer knew he could not physically perform, as part of a conspiratorial scheme motivated by the employer's desire to undermine the Union, Malia, supra, or even where an employee alleged that his employer attempted to lure him into breaking the employer's rules, wrongfully accused him of stealing and fired him because of his age, 70. Belverena v. Central Parking System, Inc., 2005 U.S. Dist. LEXIS 25911 (E.D. Pa.) at *7. (Although this alleged conduct is offensive, it likely does not rise to the level of the level of outrageousness necessary under Pennsylvania law.) Id.

As alleged by Plaintiff, her breach of contract claim consists simply of two components: (1) Gannon's Policies and Procedures Manual provided that the Chaplain served as a member of

the President's Staff and led the Chaplain's Division, and (2) Gannon (and Dr. Garibaldi)

breached these terms when Gannon (and Dr. Garibaldi) unilaterally altered the terms and

conditions of Plaintiff's contract by "removing her as head of the Chaplain's Division and from the

President's Staff" while she had a year remaining on her contract.  Second Amended Complaint,

¶¶ 115, 116.  The "evidence" Plaintiff alludes to of this breach of contract is that Dr. Garibaldi did

not follow Gannon's Policies and Procedures Manual when he made the decision to restructure

that resulted in the Chaplain position reporting to the Vice President for Mission and Ministry and

the removal of the Chaplain from the President's Staff.  Plaintiff has not alleged, nor can she

prove, any set of facts that would establish her employment contract was of such a character that

Gannon had reason to know when it was made that a breach of it would cause mental suffering,

that Gannon's decision to restructure was wanton or reckless, or that Gannon's decision to

restructure was "so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community." Pociask, supra.  As a matter of law, Plaintiff's claim for emotional damages must

fail.

### B.  Exclusivity Bar of the Pennsylvania Workers' Compensation Act.

Alternatively, Plaintiff's claim for emotional damages as a result of the alleged breach of

her employment contract must be dismissed because claims for emotional distress damages arising

out of the employment relationship or the termination of employment are barred by the exclusivity

provisions of Pennsylvania's Workers' Compensation Act (the "WCA").  Specifically, 77 P.S. §

481(a) of the WCA provides:

> [T]he liability of an employer under this act shall be
> exclusive and in place of any and all other liability to
> such employees, his legal representative, husband or
> wife, parents, dependents, next of kin or anyone
> otherwise entitled to damages in any action at law or
> otherwise on account of any injury or death as
> defined in section 301(c)(1) and (2)....

Federal courts have consistently recognized the exclusivity provisions of the WCA when

presented with emotional distress claims in the context of an employment relationship or the

termination thereof.  See, e.g., Dugan v. Bell Telephone of Pennsylvania, 876 F.Supp. 713, 723-

24 (W.D. Pa. 1994) (claim that  retaliatory harassment allegedly resulted in "great emotional

distress, including physical symptoms . . . such as lack of sleep, the fact that [plaintiff] required

medical treatment, medication, and a period of disability from work" dismissed because the sole

remedy for injuries sustained in the course of employment are provided by the WCA); Matczak v.

Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (in addition to being

legally insufficient to meet the stringent test for extreme or outrageous conduct to permit

recovery of emotional damages for breach of contract, claims for negligent and/or intentional

infliction of emotional distress because plaintiff cried at least daily after being fired are barred by

the exclusivity provisions of the WCA); Mavrinac v. Emergency Medicine Association of

Pittsburgh, 2005 U.S. Dist. LEXIS 45537 (W.D. Pa.) at *26-27 (attempt by an employee to

assert claims for emotional distress damages through the "wherefore" clauses in the complaint

must be dismissed because of the exclusivity provision of the WCA); and Belverena, supra, (the

WCA bars claims for emotional distress arising out of an employment relationship).

Plaintiff's claims for emotional distress damages in her breach of contract claim, as well as

in her fraudulent misrepresentation claim, arise out of and directly from her employment

8

relationship with Gannon and/or the termination of it.  Plaintiff's sole remedy for any emotional harm she claims to have suffered is through a claim under the WCA.  This Court should therefore dismiss Plaintiff's claims for emotional damages.

**III.    Plaintiff's claims for attorneys' fees in Counts IV and V should be dismissed.**

Gannon incorporates by reference herein Section G of the Argument portion of the Individual Defendants' Brief.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant Gannon University's Motion for Judgment on the Pleadings.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

*/s/ Evan C. Rudert*
Evan C. Rudert
PA Attorney ID No. 52787
150 East 8th Street
Erie, PA 16501-1269
(814) 456-4000
Attorneys for All Defendants *other than* Trautman, Rubino and Garibaldi *in their individual capacities*