**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LYNETTE M. PETRUSKA ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:04-cv-00080 Erie |
| ) | |
| v. ) | Judge Sean J. McLaughlin |
| ) | |
| ) | Electronically Filed |
| GANNON UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS BISHOP DONALD W. TRAUTMAN'S, MONSIGNOR DAVID RUBINO'S, AND DR. ANTOINE GARIBALDI'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Bishop Donald W. Trautman, Monsignor David Rubino, and Dr. Antoine Garibaldi (collectively "Individual Defendants") respectfully move for a stay of discovery pending resolution of their motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). In support of this motion, the Individual Defendants state as follows:

1. The Individual Defendants have filed a dispositive motion that, if granted, will entirely resolve the claims against them and will significantly reduce the scope of the case. Staying discovery until the motion is decided will prevent unnecessary discovery and motion practice, preserving both the parties' and this Court's resources without prejudicing any parties rights. Accordingly, good cause exists for an order staying discovery pending the resolution of the Individual Defendants' motion for judgment on the pleadings. *See, e.g.*, *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000).

2. Plaintiff alleges only one count of fraudulent misrepresentation against Bishop Trautman and Msgr. Rubino, and one count of breach of contract against Dr. Garibaldi. [Dkt. 87.] No other claims have been alleged against the Individual Defendants.

3.   At the June 5, 2008 status conference, the Court urged the parties to hold off conducting discovery and any motions practice while settlement negotiations were ongoing. Pursuant to this suggestion, the parties stayed discovery and defendants agreed to postpone the filing of their dispositive motions.

4.   Plaintiff's counsel in a letter dated July 14, 2008, indicated to the Court that a settlement conference would not be fruitful and further indicated a desire to conduct discovery. Based on Plaintiff's position concerning settlement, the Court denied Defendants' request for a settlement conference.

5.   On July 17, 2008, the Individual Defendants moved for a judgment on the pleadings under Fed. R. Civ. P. 12(c).  This motion is premised on Pennsylvania's two-year statute of limitations for fraud, the gist of the action doctrine, and Plaintiff's failure to allege specific facts to state a fraud claim against Bishop Trautman and Msgr. Rubino.  In addition, Plaintiff has failed to state a claim for breach of contract against Dr. Garibaldi in his individual capacity and has inappropriately requested attorneys' fees.  If this motion is granted, the Individual Defendants will be dismissed from the lawsuit, reducing this case to a singular breach of contract claim against Gannon University.

6.   The Court should grant a stay of discovery "where the likelihood that [a dispositive] motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church*, 190 F.R.D. at 349 (citation and quotations omitted).  Generally, the balance of factors weighs in favor of a stay "where discovery is not needed to rule on [a dispositive] motion." *Weisman v. Mediq, Inc.*, No. 95-1831, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 4, 1995) (citations omitted).  *See also Norfolk S. Ry. Co. v. Power Source Supply, Inc.*, No. 06-58, 2007 U.S. Dist. LEXIS 15306

(W.D. Pa. Mar. 5, 2007) (finding defendant's dispositive motion good cause for a stay of discovery).

7. Good cause for stay of discovery exists here. First, the pending motion for judgment on the pleadings would significantly reduce the size of the case and the scope of any necessary discovery; indeed, it likely will resolve the claims against the Individual Defendants in their entirety and substantially narrow the remaining issues and discovery needed to resolve the remainder of the case.

8. Second, no discovery is needed for the Court to resolve the motion for judgment on the pleadings. In fact, the motion raises pure questions of law that can be resolved on the basis of Plaintiff's own allegations and the legal principles applicable to her claims.

9. Third, if discovery is not stayed, all parties will incur considerable expense responding to discovery requests and taking and defending depositions likely to be irrelevant to the disposition of the case. Staying discovery, on the other hand, not only preserves the parties' resources, but also promotes judicial efficiency since the Court likely would be required to expend its own resources addressing discovery matters that arise in the absence of a stay. In short, "the stay will potentially save time and money for all concerned." *Weisman*, 1995 U.S. Dist. LEXIS 5900, at *6.

10. Fourth, if Defendants' motion for judgment on the pleadings is granted, the court's ruling will limit this case to a simple breach of contract action against Gannon University and will similarly limit the type of available relief Plaintiff can obtain. Under those circumstances, Plaintiff's remaining claim can more readily be valued by the parties in the case, making settlement more feasible without wasting unnecessary resources to conduct irrelevant discovery.

11. Finally, granting a stay of discovery will not prejudice any party or otherwise delay this lawsuit. Under the case management order entered on June 10, 2008, discovery is not scheduled to close until January 2009. [Dkt. 99.] The short stay of discovery required until the Individual Defendants' motion for judgment on the pleading is decided will not require extending the current discovery deadlines, nor will it inhibit the parties' ability to discover relevant facts on any legally viable claims.

12. Accordingly, for the reasons stated herein, the Court should grant the Individual Defendants' motion for a stay of discovery pending resolution of Defendants' motion for judgment on the pleadings.

Dated: July 23, 2008

/s/ Leon F. DeJulius, Jr.
Paul M. Pohl
Pa. Bar No. 21625
Bryan D. Kocher
Pa. Bar No. 56755
Leon F. DeJulius, Jr.
Pa. Bar No. 90383

JONES DAY
500 Grant Street, Suite 3100
Pittsburgh, PA  15219-2502
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959

Counsel for Defendants Bishop Donald W. Trautman and Monsignor David Rubino, in their individual capacities

5

/s/ Arthur D. Martinucci
Arthur D. Martinucci
Pa. Bar No. 63699

QUINN, BUSECK, LEEMHUIS, TOOHEY
& KROTO, INC.
2222 West Grandview Blvd.
Erie, PA  16506-4508
Telephone:  (814) 833-2222
Facsimile:   (814) 833-6753


Counsel for Defendants Bishop Donald W. Trautman, Monsignor David Rubino, and Dr. Antoine Garibaldi, in their individual capacities.