UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DISTRICT COURT

| | |
|---|---|
| LYNETTE M. PETRUSKA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. CA-04-80 ERIE |
| ) | |
| GANNON UNIVERSITY, et al., ) | |
| ) | |
| Defendants ) | |

## MOTION TO STRIKE DEFENDANTS' PLEADINGS

COMES NOW Plaintiff, by and through counsel, and in support of this motion states as follows:

1. On June 5, 2008, this Court held the case management conference in the above-referenced case. At the case management conference, Plaintiff advised the Court that she had complied with the parties' agreement contained in the Fed.R.Civ.P. 26(f) Report of Parties by providing Plaintiff's Rule 26(a)(1) disclosures on May 26, 2008, but Defendants had not.

2. As the Court may recall, the Court inquired of Defendants when Plaintiff could expect Defendants to provide their Rule 26 disclosures to Plaintiff. The Defendants represented to the Court that their Rule 26(a)(1) disclosures would be produced in a "couple weeks."

3. Defendants did not produce their Rule 26(a)(1) disclosures until July 21, 2008, well past the "couple of weeks" represented to the Court. More troubling, in their initial disclosures Defendants identified documents that they claim are relevant and material to this proceeding (some of which are in their exclusive possession and control)

but did not produce any of the documents identified to Plaintiff, evidence of Defendants' dilatory tactics. Conversely, Plaintiff provided Defendants with all documents referenced in her initial disclosures.

4. As the Court may further recall, the Defendants requested bifurcated discovery in the Report of Parties and during the case management conference, claiming that discovery should initially be limited to the issue of damages, and therefore, to the Plaintiff's deposition. The Defendants further claimed that while they were deposing Plaintiff on the issue of damages, they might as well take her complete deposition, further evidencing the Defendants' bad faith effort simply to avoid the taking of Defendants' depositions in this case.

5. During the June 5, 2008 case management conference, the Court made it clear that it would not bifurcate or limit the parties' discovery. In fact, the Court ordered all discovery to be completed in this case no later than January 26, 2009.

6. Prior to the case management conference, Plaintiff served her First Request for Production of Documents Directed to All Defendants upon Defendants. Defendants' responses to this discovery were due no later than July 7, 2008. Despite knowing that this Court had denied their previous request to bifurcate or otherwise limit discovery, Defendants failed and refused to serve objections or responses to the request for production. Defendants also ignored emails and correspondence directed to them regarding providing this discovery. As a result of Defendants' failure and refusal to comply with Fed.R.Civ.P. 34, any objections to this discovery have now been waived by the Defendants. Only after the deadline for responding to this discovery had passed, and without any effort to confer and agree on a timeframe for producing the documents

2

requested, Defendants filed a frivolous motion to stay discovery, further evidence of their dilatory tactics.[1]

7.    As the actions set forth above, and the conduct described in more detail below make clear, the Defendants do not intend to voluntarily cooperate in any way in discovery in this case. There can be little doubt as to why Defendants have and will continue to fail and refuse to cooperate in discovery in this case.

8.    Defendants' conduct regarding discovery in this case has been ongoing and is designed solely to unnecessarily delay these proceedings and needlessly increase the cost of this litigation, warranting sanction. By way of further illustration of Defendants' dilatory tactics regarding discovery, on April 8 and May 20, 2008, Plaintiff sent correspondence to Defendants requesting deposition dates for the taking of the Defendants' depositions. Defendants ignored these requests and never provided Plaintiff with available deposition dates.

10.    In stark contrast to Plaintiff's actions, on May 28, 2008, Defendants unilaterally scheduled the deposition of Plaintiff for July 21, 2008, without extending to Plaintiff or her counsel the courtesy of first determining their availability. On June 4, 2008, Plaintiff advised Defendants that neither Plaintiff, nor her counsel, were available for deposition on July 21 because scheduled for trial in Jefferson County, Missouri.

11.    Conversely, when Plaintiff served a notice of depositions on June 4, 2008 for the taking of the Defendants depositions on July 15, 2008, defense counsel did not bother to notify Plaintiff of purported scheduling conflicts until July 9, 2008, further evidence of a disregard for professional courtesies, if not amounting to an effort to needlessly increase the cost of this litigation. When Plaintiff pointed out to Defendants

---

[1] Defendants' motion to stay discovery was denied as of July 27, 2008.

3

that some six attorneys represent them in this matter, additional excuses for canceling the Defendants' depositions were made.

12.     Defendants' July 10, 2008 correspondence to the Court trying to force a settlement conference to avoid discovery, instead of extending to Plaintiff's counsel the courtesy of a response to their last settlement discussion, is further evidence of the Defendants' dilatory tactics to avoid discovery.[2]

13.     The conduct described herein demonstrates that absent Court intervention, to include sanctions, Defendants will continue to engage in dilatory tactics designed solely to delay these proceedings and needlessly increase the costs of this litigation so as to prevent discovery.

WHEREFORE, for the reasons set forth herein and at any hearing on this motion, Plaintiff respectfully requests that all of Defendants' pleadings be stricken either permanently or until such time as Defendants' comply with Fed.R.Civ.P. 26(a)(1), 30, and 34 and cooperate with discovery in this case as contemplated by the Federal Rules of Civil Procedure and for such other and further relief as this Court deems appropriate under the circumstances based upon the conduct of defense counsel to date as set forth herein.

---

[2] It should be noted that Plaintiff stands ready, willing and able to continue settlement discussions. However, it was only when defense counsel raised issues during those discussions that Plaintiff suggested that some discovery occur in an effort to eliminate those issues and the proceed with fruitful future settlement conversations.

4

Respectfully submitted,

Pleban & Associates, L.L.C.

By      /s/ C. John Pleban
    C. John Pleban, #24190 (Mo. Bar)
    2010 South Big Bend Blvd.
    St. Louis, MO 63117
    Telephone: 314/645-6666
    Facsimile: 314/645-7376

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was emailed using the Court's electronic case filing system and mailed, which sent notice to the following: Evan Rudert, attorney for defendants Gannon University, Trautman, Garibaldi, and Rubino in their official capacities, Frank Kroto, Jr. and Arthur D. Martinucci, attorneys for Trautman, Garibaldi, and Rubino in their individual capacities, and Paul M. Pohl, Bryan D. Kocher, Leon F. DeJulius, Jr., and April T. Dugan, co-counsel for Trautman and Rubino this 29th day of July, 2008.

     /c/ C. John Pleban