IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNETTE M. PETRUSKA, ) | |
| ) | Judge Sean A. McLaughlin |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:04-cv-00080-SJM |
| ) | |
| GANNON UNIVERSITY, et al., ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' PLEADINGS**

AND NOW come the Defendants, jointly, by and through their undersigned counsel, and in response to the Plaintiff's Motion to Strike Defendants' Pleadings, set forth as follows:

1. Plaintiff, in her Motion to Strike, has mischaracterized the nature of dealings between counsel in an unjustified and inappropriate attempt to disparage defense counsel. Defense counsel have acted forthrightly in trying to settle this case according to the direction the Court provided and in agreement with Plaintiff's counsel. For Plaintiff to now suggest that Defendants should somehow be sanctioned for acting in such a manner is absurd and demonstrates the difficulties Defendants have had in attempting to resolve this case. For the reasons set forth more fully below, this Court should deny Plaintiff's Motion to Strike.

2. On May 28, 2008, counsel for Bishop Trautman and Monsignor Rubino, individually, noticed Plaintiff's deposition for July 21, 2008. Almost a week later, on June 4, Plaintiff's counsel then tried to notice the depositions of Bishop Trautman, Monsignor Rubino and Dr. Garibaldi for an earlier date, July 15, 2008. Also on June 4, 2008, Plaintiff's counsel served a First Request for Production of Documents, containing 53 numbered requests.

3. The day after Plaintiff served discovery requests, the Court held a Case Management Conference. At the June 5, 2008 Case Management Conference, counsel for the Defendants informed the Court that Plaintiff had submitted a settlement demand on May 20,

2008, which the Defendants intended to respond to shortly. The Court strongly suggested the parties explore settlement of this case, rather than continue to incur fees and costs by engaging in additional motion practice and discovery.

4. After the Case Management Conference, Attorney Martinucci informed Plaintiff's local counsel, Attorney Benson, that the Defendants would file dispositive motions if a settlement could not be reached.

5. On June 10, 2008, Attorney Rudert, counsel for Gannon University, telephoned Plaintiff's counsel to respond to the May 20th settlement demand. Plaintiff's counsel was out of the office, but Plaintiff, who is a practicing attorney in Plaintiff's counsel's office, answered the telephone and agreed to speak with Attorney Rudert. Attorney Rudert conveyed the Defendants' counter-settlement offer to Plaintiff, and also relayed to Plaintiff the Court's suggestion from the Case Management Conference that the parties stay the filing of any motions and discovery while settlement discussions were ongoing. Plaintiff informed Attorney Rudert that she would consider the counteroffer, and that she did not think staying discovery pursuant to this Court's suggestion would be a problem. Plaintiff's counsel never informed Defense counsel that discovery would not be stayed.

6. Based on the understanding of Defense counsel that discovery would not be taken while settlement discussions were ongoing, Defendants did not file their dispositive motions, nor did they serve any written discovery or re-notice any depositions.

7. Plaintiff's counsel made a counter-settlement demand, and on June 25, 2008, Attorney Rudert responded with a counteroffer. At this point, a settlement appeared reasonably likely as the parties were exchanging proposals and appeared to be within reach of coming to an agreement. In the June 25, 2008 telephone conversation, Plaintiff's counsel suggested that engaging in limited discovery would be beneficial to both parties to help them evaluate the merits of their respective positions. Attorney Rudert advised Plaintiff's counsel that a settlement conference conducted by the Court, as had been discussed during the Case Management Conference, would be another, less costly option to bring about a settlement of this case.

Defense counsel believed that nudging from the Court would lead the parties to resolve this case without any further unnecessary motions or discovery.

8. During the same conversation, Plaintiff's counsel advised Attorney Rudert that he had two separate jury trials scheduled for the following two weeks (the weeks of June 28 and July 7) and that he would be tied up with those. Attorney Rudert interpreted that information to mean Plaintiff's counsel would not be prepared to take the depositions he noticed for July 15. Attorney Rudert told Plaintiff's counsel that he would confer with Attorneys Martinucci and DeJulius and get back to him after his trials to advise him whether the Defendants would agree to the limited deposition proposal or whether the Defendants desired to request a settlement conference.

9. On July 9, 2008, Attorney Martinucci, counsel for Bishop Trautman, Monsignor Rubino and Dr. Garibaldi, individually, sent by e-mail a letter to Plaintiff's counsel to confirm that the depositions scheduled for July 15 would not go forward. He also advised Plaintiff's counsel that he was unavailable on July 15th, the date Plaintiff's counsel had selected for the depositions of Bishop Trautman, Monsignor Rubino and Dr. Garibaldi.

10. That same day, less than a week before depositions were scheduled, Plaintiff's counsel replied by e-mail to Attorney Martinucci's letter, suggesting for the first time that these depositions should go forward despite the settlement negotiations.

11. On July 10th, in response to Plaintiff's counsel's July 9th e-mail to Attorney Martinucci, Attorney Rudert replied by e-mail to Plaintiff's counsel. Attorney Rudert clarified for Plaintiff's counsel that his (Attorney Rudert's) understanding of their agreement was that no discovery would go forward until either: (a) the Defendants agreed to the limited depositions Plaintiff's counsel had suggested, or (b) the Defendants requested a settlement conference with the Court and such a conference failed to bring about a settlement. Attorney Rudert advised Plaintiff's counsel that he was that day sending a letter to the Court requesting a settlement conference, and asking Plaintiff's counsel to confirm that discovery would be held in abeyance

until the Court conducted a settlement conference. Plaintiff's counsel did not respond to the request for confirmation on the discovery issue.

12. In addition to clarifying his understanding of the parties' agreement regarding a stay of discovery in his July 10th e-mail to Plaintiff's counsel and requesting confirmation of the agreement, Attorney Rudert advised Plaintiff's counsel that the Defendants would provide their Rule 26 Initial Disclosures the following week. Attorney Rudert further advised Plaintiff's counsel that the Defendants' disclosures would likely not contain much, if anything, more than Plaintiff included in her Initial Disclosures.

13. In addition to grossly mischaracterizing the tenor of Attorney Rudert's July 10th letter requesting a settlement conference in paragraph 12 of the Motion to Strike, Plaintiff's counsel's assertion in that same paragraph that the Defendants' request for a settlement conference instead of extending a response to their last settlement discussion is "further evidence of dilatory tactics to avoid discovery" is, quite simply, not true. Defendants merely want to resolve this case efficiently and without unnecessary waste of the Court's and the parties' resources.

14. Attorney DeJulius also responded to Plaintiff's counsel's letter on July 10 expressing surprise by Plaintiff's change of position. Attorney DeJulius emphasized that it was unfair and inappropriate for Plaintiff to take the position that the agreed-upon stay in discovery had only bound Defendants and that Plaintiff should be able to go forward with discovery with no prior notice. In particular, Attorney DeJulius stated, in reliance on the agreed upon stay, Defendants held off filing dispositive motions and serving written discovery.

15. On July 14, 2008, Plaintiff's counsel submitted a letter to the Court opposing the Defendants' request for a settlement conference (despite suggesting in the motion to strike that Plaintiff remains interested in settlement negotiations). Plaintiff's counsel informed the Court that Plaintiff is unwilling to settle for anything less than six figures, and if the Defendants would not commit to starting negotiations at that point settlement discussions would be "a waste of time for all concerned."

16. On July 15, 2008, the Court advised all counsel that it would not conduct a settlement conference unless all parties felt the time was right and that if, after some limited discovery as outlined by Plaintiff's counsel in his July 14th letter, the Court would accommodate the parties with a settlement conference if all parties feel it would be beneficial.

17. Thereafter, Attorney DeJulius and Attorney Martinucci filed a Motion for Judgment on the Pleadings on behalf of Bishop Trautman, Monsignor Rubino and Dr. Garibaldi, individually, and Attorney Rudert filed a Motion for Judgment on the Pleadings on behalf of Gannon University and Bishop Trautman, Monsignor Rubino and Dr. Garibaldi, in their official capacities. These are the same motions that Attorney Martinucci informed Attorney Benson over a month earlier would be filed in the event the parties were unable to reach settlement.

18. The Motions for Judgment on the Pleadings, if granted, will reduce this case to a single and straightforward breach of contract claim against only Gannon University and would dismiss the claims against the Individual Defendants from the case entirely.

19. Attorney Rudert sent the Defendants' Initial Disclosures to Plaintiff's counsel by e-mail and by regular mail on July 18th. Plaintiff's counsel might not have received the mailed copy until July 21st, as asserted in paragraph 3 of the Motion to Strike, but the electronic copy was delivered July 18th.

20. Contrary to Plaintiff's suggestion of bad faith in her motion, Defendants' Initial Disclosures comply with the requirements of Rule 26(a)(1), in that they provide: (i) the names and addresses of each individual likely to have discoverable information, (ii) a description by category and location of all documents the Defendants have in their possession that they may use to support their claims or defenses, and (iii) a disclosure that The Cincinnati Insurance Company is providing a defense to Gannon University under a reservation of rights, pursuant to Policy Number BCP 8777890. Although Plaintiff elected to attach copies of documents she identified in her Initial Disclosures, Rule 26 permits a party to describe, by category and location, documents on which it may rely. Further, Rule 26 requires that any insurance policies be provided "for inspection and copying".

21.     Attorney Martinucci sent a letter to Plaintiff's counsel on July 22, suggesting that discovery against the Individual Defendants would be premature until the Motion for Judgment on the Pleadings was resolved.  Attorney Martinucci informed Plaintiff's counsel that the Individual Defendants would file a motion to stay discovery pending the Motion for Judgment on the Pleadings, but to help move discovery along in the interim that the documents referenced in the Initial Disclosures would be produced.  Attorney Martinucci also indicated that the Individual Defendants would be willing to work on deposition dates and a schedule for written discovery once these initial issues were resolved.  Attorney Martinucci further stated that as Plaintiff initiated suit, her deposition should occur first.

22.     The Individual Defendants thereafter filed a Motion to Stay Discovery pending a ruling on the dispositive motions.  The Court denied the Motion to Stay Discovery on July 27, 2008.

23.     On July 29, without ever having responded to Attorney Martinucci's request that Plaintiff's deposition occur first, Plaintiff's counsel unilaterally noticed the depositions of Bishop Trautman, Monsignor Rubino and Dr. Garibaldi for August 19th.  Plaintiff also filed the Motion to Strike Defendants' Pleadings the same day, accusing Defense counsel of bad faith.

24.     Contrary to Plaintiff's counsel's repeated assertions of dilatory tactics, Defendants' counsel have collectively acted consistently with both the Court's suggestion that counsel direct their efforts toward settlement rather than incurring additional litigation costs and the understanding that Plaintiff had agreed to hold discovery in abeyance.  Such actions taken in good faith did not serve to waive any objections or warrant any sanctions against Defendants.  Nor has Plaintiff's counsel cited any precedent in support of the motion or provided any other authority for this Court to strike Defendants' Pleadings.

WHEREFORE, for the reasons set forth herein, the Defendants respectfully request that the Court deny the Plaintiff's Motion to Strike Defendants' Pleadings.

Dated:  August 1, 2008                    ELDERKIN, MARTIN, KELLY & MESSINA

/s/ Evan C. Rudert
PA Atty. ID No. 52787
150 East Eighth Street
Erie, PA  16501-1269
(814) 456-4000
Attorneys for All Defendants *other than* Trautman, Rubino and Garibaldi *in their individual capacities*

QUINN, BUSECK, LEEMHUIS,
TOOHEY & KROTO, INC.

/s/ Arthur D. Martinucci
PA Atty. ID No. 63699
2222 West Grandview Blvd.
Erie, PA  15606-4508
(814) 833-2222
Attorneys for Bishop Donald W. Trautman, Monsignor David Rubino and Antoine M. Garibaldi, *In their individual capacities*

JONES DAY

/s/ Leon F. DeJulius, Jr.
Paul M. Pohl
PA Atty. ID No. 21625
Bryan D. Kocher
PA Atty. ID No. 56775
Leon F. DeJulius, Jr.
PA Atty. ID No. 90383
500 Grant Street, Suite 3100
Pittsburgh, PA  15219-2502
(412) 391-3939
Attorneys for Bishop Donald W. Trautman and Monsignor David Rubino, *in their individual capacities*