UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DISTRICT COURT

| | | |
|---|---|---|
| LYNETTE M. PETRUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:04-cv-00080-SJM |
| | ) | |
| GANNON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' PLEADING**

Defendants claim that Plaintiff's Motion to Strike Defendants' Pleadings has "mischaracterized the nature of dealings between counsel in an unjustified and inappropriate attempt to disparage defense counsel." Defendants' Joint Response (doc. 106), ¶ 1. However, the July 23, 2008 and August 4, 2008 correspondence of counsel for Defendants Trautman, Rubino, and Garibaldi in their individual capacities, actually demonstrates the dilatory tactics of the Defendants, supporting Plaintiff's claim that Defendants will not voluntarily cooperate in discovery in this action consistent with the Federal Rules of Civil Procedure absent court intervention. See Exhibits 1 and 2 attached hereto and incorporated by reference herein.

By way of further answer, counsel for Defendants have either misrepresented or misconstrued any agreement among the parties to informally "stay discovery" (after this Court clearly denied their request to bifurcate discovery) in an effort to justify their inaction. As this Court may recall, Plaintiff's counsel vigorously opposed the Defendants' attempt to bifurcate discovery (take Plaintiff's deposition first) at the case management conference held on June 5, 2008. Plaintiff believes that at the case management conference this Court made it clear that it

would not bifurcate or otherwise limit discovery in this case. Thereafter, Plaintiff advised counsel for all Defendants that any decision regarding delaying discovery in her case would need to be taken up with her attorneys, as this is the reason she is represented by separate legal counsel in this matter. For reasons known only to counsel for all Defendant, Defendants' request to delay discovery was never discussed with Plaintiff's attorneys, even though during settlement discussions Plaintiff's counsel advised defense counsel that he believed limited discovery was necessary because Defendants were questioning the value of the case. It as only because of the difference in the parties' valuation of the case, that Plaintiff's counsel recommended limited discovery. Therefore, it is unclear as to how Defendants could reasonably believe that the parties "appeared to be within reach of coming to an agreement" or that they had agreed to stay discovery when depositions were discussed. Defendants' Response, ¶ 7. In fact, it was the parties' differences in valuation that led Defendants to unilaterally request a settlement conference with this Court, instead of engaging in additional settlement discussions with counsel.

Regardless, any misunderstanding Defendants' attorneys may have had regarding a purported informal "stay" of discovery in this case should have been resolved on July 9, 2008, when Plaintiff advised counsel for all Defendants that they were misinformed as to Plaintiff agreeing to hold discovery in abeyance while settlement discussions continue. See. Exhibit 3 attached hereto and incorporated by reference herein. Instead of complying with reasonable discovery thereafter, since July 9, 2008, Defendants have engaged in the dilatory tactics set forth in their correspondence attached hereto as Exhibits 1 and 2 and filed a motion to stay discovery on July 23, 2008 (doc. 104), which was denied by this Court on July 28, 2008. Counsel's August 4, 2008 correspondence **after** this Court denied Defendants' stay motion and oral request to bifurcate discovery (take Plaintiff's deposition first) is the best evidence of the dilatory tactics to

which Plaintiff objects in violation of the Rules of Civil Procedure. Moreover, because the Defendants failed to timely object to or otherwise respond to Plaintiff's First Request for Production of Documents Directed to all Defendants, all objections have been waived. Defendants August 4 correspondence asserting a right now to object to this discovery is further evidence that Defendants intend only to delay these proceedings and prevent reasonable discovery.

Therefore, for the reasons previously set forth in Plaintiff's Motion to Strike Defendant's Pleadings and the reasons set forth herein, Plaintiff respectfully requests that Defendants' pleadings be stricken either permanently or until such time as Defendants' comply with Fed.R.Civ.P. 30 and 34[1] and cooperate with discovery as contemplated by the Federal Rules of Civil Procedure.

Respectfully submitted,

Pleban & Associates, L.L.C.


By   s/ C. John Pleban
C. John Pleban, MO24190
2010 South Big Bend Blvd.
St. Louis, MO  63117
Telephone:  314/645-6666
Facsimile:  314/645-7376
cpleban@plebanlaw.com

Attorneys for Plaintif

---

[1] After the filing of Plaintiff's Motion to Strike Defendants' Pleadings, Defendants on August 6, 2008 finally produced the documents identified in their Initial Disclosures, and therefore, Rule 26(a)(1) compliance appears to no longer be at issue.

**Certificate of Service**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was emailed using the Court's electronic case filing system and mailed, which sent notice to the following:  Evan Rudert, attorney for defendants Gannon University, Trautman, Garibaldi, and Rubino in their official capacities, Frank Kroto, Jr. and Arthur D. Martinucci, attorneys for Trautman, Garibaldi, and Rubino in their individual capacities, and Paul M. Pohl, Bryan D. Kocher, Leon F. DeJulius, Jr., and April T. Dugan, co-counsel for Trautman and Rubino  this 6th day of August, 2008.


                                                                                    /s/ C. John Pleban