## QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
ATTORNEYS AT LAW

Arthur D. Martinucci
amartinucci@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

July 23, 2008

**VIA E-MAIL**

C. John Pleban, Esquire
2010 S. Big Bend Blvd
St Louis, MO 63117

RE:  Petruska v. Gannon University
     Our File No.: 02412.0250

Dear Attorney Pleban:

Thank you for your letter of July 21, 2008. As you know, the Defendants had, until very recently, been operating on the basis of your oral understanding with Attorney Rudert, namely that the parties would not engage in discovery so long a settlement discussions continue. Last week, it became clear that such discussions would not be fruitful. Accordingly, the individual defendants promptly filed a joint motion for judgment on the pleadings, as I indicated would happen in my discussions with Attorney Benson following the status conference.

In light of this motion and the recent motion filed on behalf of Gannon University, we believe that it would be inappropriate to proceed with discovery until it has been determined which, if any, counts remain against any of the defendants. We believe that, as a result of this motion, it is likely that all claims against the individual defendants will be dismissed, and that the only remaining claim against Gannon University will be a straightforward breach of contract count. If we are correct in this, the complexion of the case and the scope of discovery obviously will change dramatically.

Accordingly, the Defendants will not be providing you with responses (answers or objections) to your request for production of documents until the court has ruled on the Motion(s) for Judgment on the Pleadings, unless otherwise directed to do so by Judge McLaughlin. To that end, we will be filing this afternoon a Motion to Stay Discovery until Judge McLaughlin has had an opportunity to rule on the dispositive motion(s).

By the same token, however, Attorney Rudert will be forwarding to you copies of the documents identified in our joint rule 26 disclosures, to the extent that they are not already in your possession. Further, once Judge McLaughlin has ruled on the motion for judgment on the pleadings, we will be happy to work with you on establishing time frames within which to respond (again, either answers or objections) to your Request for Production of Documents, as well as any additional written discovery from either side. We will also be happy to work with you on setting deposition dates for


EXHIBIT 1

C. John Pleban, Esquire
July 23, 2008
Page 2

such parties as might remain, or for such witnesses as might be appropriate. We expect to begin with Ms. Petruska's deposition in light of the fact that she instituted suit.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.


By /s/Arthur D. Martinucci
    Arthur D. Martinucci

ADM:

cc:    Evan C. Rudert, Esquire
       Leon F. DeJulius, Esquire
       AnnDrea Benson, Esquire

**QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.**
ATTORNEYS AT LAW

Arthur D. Martinucci
amartinucci@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

August 4, 2008

**VIA E-MAIL**

C. John Pleban, Esquire
2010 S. Big Bend Blvd
St Louis, MO 63117

RE:   Petruska v. Gannon University
      Our File No.: 02412.0250

Dear Attorney Pleban:

I am in receipt of your letter of July 30, 2008, as well as the deposition notice you faxed out on July 29, 2008. By now, you will have also received the Defendants' joint response to your Motion to Strike and the first round of interrogatories from the individual defendants. I also understand that you and Attorney Rudert had a productive discussion today regarding discovery and related issues. I wanted to follow up on these events to, again, make certain that we are all operating on the same set of facts.

With regard to depositions, it does not appear that August 19, 2008 will bean acceptable date for the depositions of the individual defendants. I believe Attorney Rudert advised you that Msgr. Rubino is not available that day; my understanding is Attorney DeJulius is also unavailable. That being the case, we will need to find additional dates for these depositions. As indicated in my letter of July 23, 2008, and now that the Court has ruled on our Motion to Stay Discovery, we will be happy to work with you to find dates that are acceptable to all parties and counsel. We will insist, however, that Ms. Petruska be first in line for depositions. She brought this lawsuit, and the Defendants have a right to know the full scope of the claims leveled against them before sitting for depositions. Please provide us with a range of dates when Ms. Petruska might be available to come to Erie to be deposed, and we will see if we can coordinate her deposition and those of the Defendants or other witnesses. We would also like the opportunity to discuss with you the proposed scope of depositions for the individual defendants. We would be willing to do so at any mutually agreeable time, even prior to the scheduling of depositions, so that there is no unnecessary delay in that part of the discovery process.

In the meantime, the Defendants are, collectively, preparing responses (and objections) to your discovery requests. We do not believe that any such objections were waived by our decision to abide by the Court's suggestion and what we believed to be an agreement with you to hold off on discovery until settlement discussion had been exhausted. We will, of course, be prepared to discuss these objections with you once our responses have been served.

**EXHIBIT 2**

C. John Pleban, Esquire
August 4, 2008
Page 2

I do not have a specific date from Attorney Rudert, but I anticipate that he will be providing you with copies of Ms. Petruska's complete personnel file and the relevant insurance policy within the next week, as we indicated in my letter of July 23, 2008 that this information would be forthcoming regardless of the Judge's ruling on the Motion to Stay Discovery. We believe that, based on your own Rule 26 Disclosures, you are already in possession of all other materials encompassed by the Defendants' Disclosures. I understand that you discussed this with Attorney Rudert, as well.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.


By /s/Arthur D. Martinucci
    Arthur D. Martinucci

ADM:


cc:    Evan C. Rudert, Esquire
        Leon F. DeJulius, Esquire
        AnnDrea Benson, Esquire

Petruska v. Gannon University - Yahoo! Mail       Page 1 of 2

Case 1:04-cv-00080-SJM   Document 107-2   Filed 08/06/2008   Page 5 of 5



**Petruska v. Gannon University**   Wednesday, July 9, 2008 5:06 PM

From: "Chet Pleban" <cjpleban@yahoo.com>
To: "Leon F DeJulius Jr" <lfdejulius@JonesDay.com>, "Evan C. Rudert" <ecrudert@elderkinlaw.com>, "Benson & McFarlane" <Benson_McFarlane@verizon.net>, "Martinucci, Arthur" <AMartinucci@quinnfirm.com>

Dear Mr. Martinucci:

I am in receipt of your correspondence dated July 9, 2008. You have been misinformed as to Plaintiff's agreement to hold all discovery in abeyance while settlement discussions continue. When Mr. Rudert and I last spoke on June 25, 2008, I advised him that if the Defendants thought that this case was less than a six figure case, discovery would be beneficial to both parties to better value the case. Mr. Rudert advised me that he would consider this point and get back to me. As of the date of your correspondence, Mr. Rudert has not made a response to our last telephone conversation.

I further note that when Mr. DeJulius unilaterally scheduled Ms. Petruska's deposition on May 28, 2008 (after this office had requested available deposition dates for some two months without a response from the Defendants), I informed him on June 4, 2008 that neither I, nor Ms. Petruska, is available on July 21, 2008 because we are both in a criminal trial in Jefferson County, Missouri. On that same day, June 4, 2008, this office noticed the depositions of the Defendants for July 15, 2008. You are only now informing this office that you personally are unavailble for these depositions. As the defendants have some six attorneys representing them in this matter, I assume that we can continue with these depositons despite your unavailability.

As you may further recall, the Court was not pleased that Plaintiff made initial disclosures as agreed to by the parties, while Defendants did not. Defendants represented to the Court that these disclosures would be made in a couple of weeks, and they still have not been made. Additionally, on June 4, 2008, Plaintiff served her First Request for Production of Documents Directed to All Defendants. No reply or request for an extension of time to make a reply to this discovery was made by the Defendants, resulting in the waiver of all objections. We will need the Defendants' documents in response to this discovery, as well as their initial disclosures, before the Defendants depositions on July 15, 2008.

I trust that my reply to your July 9, 2008 correspondence has eliminated any misunderstandings regarding Plaintiff's position regarding discovery in this matter. If you would like to discuss this matter further, I will be out of the office until Monday, and therefore, recommend that you reach me by email.

Sincerely,

C. John Pleban
Pleban & Associates LLC
2010 S. Big Bend Blvd
St. Louis MO 63117
Phone 314-645-6666
Fax 314-645-7376
cpleban@plebanlaw.com
cjpleban@yahoo.com



EXHIBIT 3

The Missouri Bar Disciplinary Counsel requires all Missouri Lawyers to notify of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication my intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am